**ABRAMSON & DENENBERG, P.C.**
**BY: ALAN E. DENENBERG, ESQUIRE &**
**IDENTIFICATION NUMBER: 54161**
**JASON PARRIS, ESQUIRE**
**IDENTIFICATION NUMBER: 312363**
**1315 WALNUT STREET, SUITE 500**
**PHILADELPHIA, PA 19107**
(215) 546-1345                                              **ATTORNEYS FOR PLAINTIFFS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD MILLER** | **JURY TRIAL DEMANDED** |
| 5342 LENA STREET | |
| PHILADELPHIA, PA 19144 | |
| And | |
| **TONYA CRAWLEY** | |
| 5432 LENA STREET | |
| PHILADELPHIA, PA 19144 | |
| **Plaintiffs** | |
| v. | |
| **CITY OF PHILADELPHIA** | |
| 1515 ARCH STREET, 15TH FLOOR | |
| PHILADELPHIA, PA 19102 | |
| And | |
| **DETECTIVE BOVA** | |
| 1515 ARCH STREET, 15th FLOOR. | |
| PHILADELPHIA, PA 19102 | |
| And | |
| **DETECTIVE JOHN DOE** | |
| 1515 ARCH STREET, 15th FLOOR. | |
| PHILADELPHIA, PA 19102 | |
| And | |
| **DETECTIVE JANE DOE** | |
| 1515 ARCH STREET, 15TH FLOOR | |
| PHILADELPHIA, PA 19102 | |
| And | |
| **POLICE OFFICERS JOHN DOE 1-10** | |
| 1515 ARCH STREET, 15TH FLOOR | |
| PHILADELPHIA, PA 19102 | |
| And | |
| **SWAT OFFICERS JOHN DOE 1-10** | |
| 1515 ARCH STREET, 15TH FLOOR | |
| PHILADELPHIA, PA 19102 | |
| **Defendants** | |

# COMPLAINT

I. **Introduction**

1. This is an action for damages brought pursuant to 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments to the United States Constitution against Defendants City of Philadelphia, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10 in their individual capacities as a result of the use of excessive force by the defendants while in their home on Thursday, December 2, 2021.

II. **Jurisdiction and Venue**

2. The court has jurisdiction over the Plaintiff's Fourth Amendment claims pursuant to 28 U.S.C. §§1331.

3. Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in the City of Philadelphia, Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

III. **Parties**

4. Plaintiff, Richard Miller, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

5. Plaintiff, Tonya Crawley, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

6. Defendant, City of Philadelphia, is a municipal agency organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located as captioned.

7. At all relevant times, Defendant City of Philadelphia acted or failed to act by and through its officers, including the individually named officers, then and there acting within the course and scope of their agency, servanthood, and employment and under color of state law.

8. Defendant, Detective Bova, was at all relevant times a detective employed by the Philadelphia Police Department and Defendant, City of Philadelphia.

9. At all relevant times, Defendant, Detective Bova, acted in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the City of Philadelphia Police Department.

10. Defendant, Detective John Doe, was at all relevant times a detective employed by the Philadelphia Police Department and Defendant, City of Philadelphia.

11. At all relevant times, Defendant, Detective John Doe, acted in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the City of Philadelphia Police Department.

12. Defendant, Detective Jane Doe, was at all relevant times a detective employed by the Philadelphia Police Department and Defendant, City of Philadelphia.

13. At all relevant times, Defendant, Detective Jane Doe, acted in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the City of Philadelphia Police Department.

14. Defendants Police Officers John Doe 1-10 were at all relevant times police officers employed by the Philadelphia Police Department and Defendant, City of Philadelphia.

15. At all relevant times, Defendants Police Officers John Doe 1-10 were acting in the course and scope of his employment and under color of state law pursuant to the statutes,

regulations, ordinances, rules, practices, policies, and customs of the City of Philadelphia Police Department.

16. Defendants SWAT Officers John Doe 1-10 were at all relevant times SWAT Officers employed by the Philadelphia Police Department and Defendant, City of Philadelphia.

17. At all relevant times, Defendants SWAT Officers John Doe 1-10 were acting in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the City of Philadelphia Police Department.

## IV.  Operative Facts

18. On Thursday, December 2, 2021, approximately between 5:30am and 6:00am, Plaintiffs, Richard Miller and Tonya Crawley, were in bed sleeping when Plaintiff Richard Miller was awoken from banging on his front door.

19. Plaintiff Richard Miller proceeded to get out of bed and walk to the bottom of the staircase, which in turn woke Plaintiff Tonya Crawley. Plaintiff Tonya Crawley proceeded to get out of bed and went to the bedroom door to get her robe.

20. As Plaintiff Richard Miller made his way to the bottom of the staircase, Defendants SWAT Officers John Doe 1-10 and/or Defendants Police Officers John Doe 1-10 were already coming up the stairs with their guns pointed at Plaintiff Richard Miller.

21. Plaintiff Richard Miller proceeded to ask the officers what was going on and was repeatedly told to "shut the fuck up" and to come downstairs.

22. Plaintiff Richard Miller complied and went downstairs where one of the SWAT Team Members told Plaintiff Richard Miller to sit down and that the detective would explain everything.

23. As Plaintiff Richard Miller was sitting down, he asked for a pillow for his back as he has cancer in his spine. His request was ignored by the defendants.

24. At around the same time, Plaintiff Tonya Crawley proceeded towards the bedroom door. Defendant SWAT Officers John Doe 1-10 and/or Defendants Police Officers John Doe 1-10 pointed a gun at her and one of the officers stated, "female coming down."

25. As Plaintiff Tonya Crawley continued to make her way downstairs, she asked the defendants what was going on and was told to "shut the fuck up and keep walking."

26. Plaintiff Tonya Crawley was then also told to sit down and that the detective would explain everything.

27. A Caucasian male detective, believed to be Detective Bova, then came into the Plaintiff's home without producing a warrant and put a photo in Plaintiff's faces asking whether they knew the person in the photograph.

28. Plaintiff Tonya Crawley told the detective that she did not know the person in the photograph and that this person (who was later identified as Tyseem Cave) had moved from the property five (5) years prior to her Plaintiff Richard Miller moving in.

29. The Plaintiffs' neighbors also told the detective that the person they were looking for did not live there anymore.

30. At all relevant times, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, did not produce a warrant to the Plaintiffs.

31. At all relevant times, Plaintiffs were peaceable and cooperated with Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10.

32. At all relevant times, Defendants Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, interacted with Plaintiffs in a threatening, violent, and aggressive manner causing Plaintiffs to suffer intense fear and anxiety.

33. Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, did not take Plaintiffs into the police station.

34. Defendants City of Philadelphia, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, had the duty to describe with particularity the places to be searched, and to reasonably investigate to ensure that the person they sought to arrest resided at that location, and, furthermore, check to see if the person they sought to arrest was in fact inside the home.

35. Defendants, City of Philadelphia, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, failed to describe with particularity the places to be searched, and to reasonably investigate to ensure that the person they sought to arrest resided at that location, and, furthermore, check to see if the person they sought to arrest was in fact inside the home.

36. By their aforementioned actions, Defendants, City of Philadelphia, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10 further violated Plaintiff's constitutional rights by using excessive force during the course of their illegal entry and unlawful detention of Plaintiffs.

37. Defendant City of Philadelphia and its Police Department maintained a policy, practice, or custom of acquiescing to unconstitutional conduct of police officers, detectives, and

SWAT team officers under their direction and control, including the conduct of Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, including but not limited to the types of constitutional violations alleged in this Complaint.

38. Defendant City of Philadelphia and its Police Department failed to adequately train police officers, detectives, and SWAT Team Officers under their direction and control, including Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, regarding the requirements of the Fourth Amendment.

39. Defendant City of Philadelphia and its Police Department failed to adequately discipline police officers, detectives, and SWAT Team under their direction and control, including Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, for violating the Fourth Amendment, and more specifically, for violating the Fourth Amendment in the ways alleged in this Complaint.

40. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiffs suffered injuries, humiliation, anguish, and emotional distress and will continue to do so for an indefinite time, to their great detriment and loss.

41. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiffs suffered property damage, to their great detriment and loss.

42. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiffs have incurred various expenses for medical treatment, which may continue for an indefinite period into the future, to their great detriment and loss.

43. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiffs have incurred various other expenses, included but not limited to

loss of earnings, which may continue for an indefinite period into the future, to their great detriment and loss.

44. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff Richard Miller suffered the following harms:

    a. Anxiety disorder; and
    b. Depression

45. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff Tonya Crawley suffered the following harms:

    a. Chronic major Depression Disorder; and
    b. Anxiety

## COUNT I
## 42 U.S.C. § 1983– FOURTH AND FOURTEENTH AMENDMENTS
## ILLEGAL ENTRY, SEARCH, AND SEIZURE
## RICHARD MILLER AND TONYA CRAWLEY V. ALL INDIVIDUAL DEFENDANTS

46. All paragraphs are incorporated by reference as if fully set-forth herein.

47. Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and/or SWAT Officers John Doe 1-10, acting within the course and scope of their employment, acting under color of state law, and acting pursuant to the policies, practices, and customs of the Philadelphia Police Department, deprived Plaintiffs of their rights, privileges, and immunities under the United States Constitution. In particular, Defendants deprived Plaintiffs of their rights under the Fourth and Fourteenth Amendments to be free from unreasonable entries, searches, and seizures.

48. Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and/or SWAT Officers John Doe 1-10, in their individual capacities, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs demand compensatory and punitive damages against Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiffs, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT II**
**42 U.S.C. § 1983– FOURTH AND FOURTEENTH AMENDMENTS**
**EXCESSIVE FORCE**
**<u>RICHARD MILLER AND TONYA CRAWLEY V. ALL INDIVIDUAL DEFENDANTS</u>**

49. All paragraphs are incorporated by reference as if fully set-forth herein.

50. Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and/or SWAT Officers John Doe 1-10, acting within the course and scope of their employment, acting under color of state law, and acting pursuant to the policies, practices, and customs of the Philadelphia Police Department, deprived Plaintiffs of their rights, privileges, and immunities under the United States Constitution. In particular, Defendants deprived Plaintiffs of their rights under the Fourth and Fourteenth Amendments to be free from unreasonable or excessive force.

51. Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and/or SWAT Officers John Doe 1-10, in their individual capacities, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs demand compensatory and punitive damages against Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, jointly and/or

severally, in an amount sufficient to fully and adequately compensate Plaintiffs, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT III**
**42 U.S.C. § 1983 – FOURTH AND FOURTEENTH AMENDMENTS**
**BYSTANDER/SUPERVISORY LIABILITY**
**<u>RICHARD MILLER AND TONYA CRAWLEY V. ALL INDIVIDUAL DEFENDANTS</u>**

52. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

53. Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, some of whom acted as supervisors and had the authority to control and direct other members of the Philadelphia Police Department, were present while Plaintiffs' rights were being violated and had a duty to stop the unconstitutional entry, search, seizure, and use of force against Plaintiffs.

54. Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and/or SWAT Officers John Doe 1-10, some of whom acted as supervisors and had the authority to control and direct other members of the Philadelphia Police Department, knew or had reason to know that the Plaintiffs' Fourth Amendment rights were being violated and had a realistic opportunity to intervene and prevent said violation and the harms that flowed therefrom.

55. Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and/or SWAT Officers John Doe 1-10, some of whom acted as supervisors and had the authority to control and direct other members of the Philadelphia Police Department maliciously, intentionally, recklessly, or with deliberate indifference failed to intervene and halt the unconstitutional conduct of the other defendants, resulting in Plaintiffs sustaining injury and harm.

56. Defendants, Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and/or SWAT Officers John Doe 1-10, some of whom acted as supervisors and had the authority to control and direct other members of the Philadelphia Police Department, were so malicious, intentional, reckless, or recklessly indifferent to Plaintiffs' rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs demand compensatory and punitive damages against Defendants Detective Bova, Detective John Doe, Detective Jane Doe, Police Officers John Doe 1-10, and SWAT Officers John Doe 1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiffs, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

**COUNT IV**
***MONELL* CLAIM**
**RICHARD MILLER AND TONYA CRAWLEY V. CITY OF PHILADELPHIA**

57. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

58. Plaintiffs believe and therefore aver that Defendant City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to Plaintiffs' claims, have adopted and maintained inadequate training for law enforcement officers, including the individually named Defendants, on how to investigate and obtain reasonably trustworthy information and facts about a person's whereabouts before applying for and executing an arrest warrant, including, but not limited to, checking that the person to be seized actually resided in the home and was present at the time of the arrest.

59. Plaintiffs believe and therefore aver that Defendant, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to

Plaintiff's claims, have adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, failing to investigate and obtain reasonably trustworthy information and facts about a person's whereabouts before applying for and executing an arrest warrant, including, but not limited to, checking that the person to be seized actually resided in the home and was present at the time of the arrest.

60. Plaintiffs believe and therefore aver that Defendant, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to Plaintiffs' claims, have systematically failed to supervise law enforcement officers, including the individually named Defendants, to ensure each officer reasonably investigated to obtain adequate facts and reasonably trustworthy information regarding the whereabouts of a person to be arrested before applying for and executing an arrest warrant.

61. Plaintiffs believe and therefore aver that Defendant, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to Plaintiffs' claims, have systematically failed to discipline law enforcement officers, including the individually named Defendants, for failing to reasonably investigate to obtain adequate facts and reasonably trustworthy information regarding the whereabouts of a person to be arrested before applying for and executing an arrest warrant.

62. Plaintiffs believe and therefore aver that Defendant, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to Plaintiffs' claims, have adopted and maintained inadequate training for law enforcement

officers, including the individually named Defendants, on how to execute an arrest warrant without violating the constitutional rights of individuals, such as the Plaintiffs.

63. Plaintiffs believe and therefore aver that Defendant, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to Plaintiffs' claims, have adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, the use of unconstitutional force and illegal restraint on the liberty of individuals not described/named in the arrest warrant, like Plaintiffs, during the execution of an arrest warrant. Said policy, custom, and/or practice violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

64. Plaintiffs believe and therefore aver that Defendant, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to Plaintiffs' claims, have systematically failed to supervise law enforcement officers, including the individually named Defendants, to ensure each officer did not use unconstitutional force or illegally restrained the liberty of individuals not described/named in the arrest warrant, like Plaintiffs, during the execution of an arrest warrant. This failure violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

65. Plaintiffs believe and therefore aver that Defendants, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to Plaintiffs' claims, have systematically failed to discipline law enforcement officers,

including the individually named Defendants, for unconstitutionally using excessive force on and restraining the liberty of individuals not described/named in the arrest warrant, like Plaintiffs, during the execution of an arrest warrant. This failure violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

66. Plaintiffs believe and therefore aver that Defendants, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to Plaintiffs' claims, have been deliberately indifferent to the rights of citizens of the City of Philadelphia, Philadelphia County, Pennsylvania, to be free from its officers using excessive force and unlawful detention, and said indifference violates Plaintiffs' rights under the Fourth and Fourteenth Amendments of the United States Constitution.

67. Plaintiffs believe and therefore aver that Defendant, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to Plaintiffs' claims, were aware of the aforementioned policies, practices, and customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants, failed to effectively train law enforcement officers regarding the use of force, on citizens not the subject of the warrant, during the execution of an arrest warrant, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiffs.

68. Plaintiffs believe and therefore aver that Defendant, City of Philadelphia and its Police Department, who exercised final decision-making authority in all areas relevant to

Plaintiffs' claims, knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training, supervision, and discipline of law enforcement officials, including the individually named Defendants, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, and additionally, deliberately, intentionally, and knowingly failed to provide adequate training, supervision, and discipline of law enforcement officials, including but not limited to:

a. The length of time law enforcement officers must wait after announcing their presence before entering a premises to execute an arrest warrant;
b. Properly identifying the other residents of the premises besides the person to be arrested before obtaining an arrest warrant and during the execution of the arrest warrant;
c. Obtaining facts and inferring from the circumstances whether the person described in the warrant is on the premises during the execution of the arrest warrant;
d. How to properly restrain persons other than the individual named and described in the arrest warrant while searching for the person to be arrested;
e. The proper limit on the use of force on persons other than the individual named and described in the arrest warrant;
f. Providing clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of law enforcement officers;
g. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Philadelphia Police Department;
h. Failure to prevent Plaintiffs from being injured and violating Plaintiffs' constitutional rights by members of the Philadelphia Police Department where Defendants knew or should have known of the dangerous propensities of said members and the systemic problem of police abuses in the department;
i. Failure to have or maintain personnel training procedures necessary to prevent subjecting citizens to the same treatment suffered by Plaintiffs; and
j. Otherwise failing to verify that the individual who was the subject of the arrest warrant resided in the home and was in fact present at the time of the execution of the warrant.

69. The aforementioned policies, practices, customs, and/or deliberate indifference of Defendant, City of Philadelphia and its Police Department, were the proximate cause of the Plaintiffs' injuries and losses and the violation of their constitutional rights.

**WHEREFORE**, Plaintiffs demand compensatory damages against the Defendant, City of Philadelphia, in an amount sufficient to compensate Plaintiffs, and deter Defendant and others similarly situated to Defendant, plus interest, costs, attorney's fees, and all other appropriate relief fully and adequately.

<u>/s/ Alan E. Denenberg</u>
PA ID No. 54161
and
Jason Parris, Esq.
PA ID No. 312363
adenenberg@adlawfirm.com
jparris@adlawfirm.com
Abramson and Denenberg, P.C.
1315 Walnut Street, Suite 500
Philadelphia, PA  19107
215.546.1345
*Counsel for Plaintiff*